**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH D. HOPPER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1344-SLP** |
| | ) | |
| **CASEY HAMILTON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a *pro se* state prisoner, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Chief United States District Judge Scott L. Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). Under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the Petition and, for the reasons set forth below, recommends that this action be **TRANSFERRED** to the United States District Court for the Northern District of Oklahoma.

## I. Background

In Tulsa County District Court, Case No. CF-2022-3018, (Doc. 1, at 3), the jury found Petitioner guilty of Preventing a Witness from Giving Testimony, Domestic Assault and Battery 2nd Offense, and Domestic Assault and Battery by Strangulation.[1] He was

[1] Oklahoma State Courts Network, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2022-3018&cmid=3540670 (last accessed Sept,3, 2026).

sentenced to respectively 4 years, 20 years, and 30 years of imprisonment, with all counts to run consecutively and with no credit for time served or earned. *See supra*, footnote 1. In the Oklahoma Court of Criminal Appeals, Case No. F-2024-874, (Doc. 1, at 3), the appellate court affirmed Petitioner's judgement and sentence on August 20, 2026.[2] Petitioner alleges eighteen grounds for relief. (Doc. 1, at 6-32.). Petitioner has also filed five motions. (Docs. 3, 8, 10, 13, 15).

## II. Analysis

Tulsa County lies within the territorial jurisdiction of the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a). Petitioner is presently confined at the Great Plains Correction Center in Hinton, Oklahoma, (Doc. 1, at 3), which lies in Caddo County, which is within the territorial jurisdiction of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Thus, from the face of the Petition, both this Court and the United States District Court for the Northern District of Oklahoma have jurisdiction over this matter. *See* 28 U.S.C. § 2241(d) (prescribing that the district court of conviction and the district court for the district of confinement have "concurrent jurisdiction" over a state prisoner's application for writ of habeas corpus). But this Court may, "in the exercise of its discretion and in furtherance of justice," transfer the Petition "to the other district court for hearing and determination." *Id.*

[2] Oklahoma State Courts Network, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-2024-874&cmid=138863 (last accessed Sept. 3, 2026).

There is a "'longstanding policy' of federal district courts in Oklahoma 'favoring transfer[ ] [of] habeas actions to the district of conviction." *Green v. Oklahoma*, No. CIV-18-823-D, 2019 WL 177957, at *1 (W.D. Okla. Jan. 11, 2019) (quoting *Manning v. Oklahoma*, CIV-13-0990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013)); *see also Trotter v. Harpe,* No. CIV-23-807-D, 2023 WL 6773688, at *2 (W.D. Okla. Sept. 22, 2023) ("It has been the experience of the federal district courts in Oklahoma that justice is normally better served by the adjudication of the case in the district where the conviction was obtained."), *adopted*, 2023 WL 6759951 (W.D. Okla. Oct. 12, 2023). Additionally, "the location of relevant records, trial counsel, witnesses, and other officials" are in Tulsa County, which "weighs overwhelmingly in favor of transfer in the furtherance of justice and judicial economy." *Green*, 2019 WL 177957, at *1. Under these circumstances, the undersigned recommends transfer of this action to the United States District Court for the Northern District of Oklahoma in the exercise of the Court's discretion and "in furtherance of justice." 28 U.S.C. § 2241(d).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the Northern District of Oklahoma.

**Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 25, 2026,** in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual

and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

ENTERED this 4th day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE